GRACE MENNENGA, Appellee, v. ECKO MENNEN, Jr., Appel-
lant.

SEDUCTION: Evidence—Sufficiency. Evidence reviewed, and held
1  amply sufficient to present a jury question on the issue of se-
   duction.

TRIAL: Instructions—Applicability to Issues—Seduction—Previous
2  Chastity. In an action for the seduction of an unmarried fe-
   male, a plea by plaintiff of previous chastity of character, with
   issue joined thereon, and with evidence pro and con relating
   thereto, renders it proper for the court to instruct that previ-
   ous unchastity, if seduction actually did occur, is no bar to the
   recovery of damages *other* than to character or reputation.

SEDUCTION: Evidence—Non-Materiality of Exact Time. The *pre-
3  cise* date on which it is alleged that a seduction occurred need
   not necessarily be proved.

SEDUCTION: Instructions—Issues and Theory of Case. Instruc-
4  tions reviewed, and held to sufficiently present defendant's con-
   tention that the intercourse with plaintiff, as claimed by de-
   fendant, rendered it impossible for him to be the author of her
   pregnancy.

SEDUCTION: Instructions—Period of Gestation. The court, in the
5  absence of justifying expert evidence, may not instruct that a
   child born in April could not possibly have been conceived in
   the preceding September.

SEDUCTION: Pleading—Time of Commission of Offense. Plain-
6  tiff in an action for her seduction is not necessarily confined
   to the very date alleged by her as the date when the offense
   was committed.

*Appeal from Butler District Court.—J. J. CLARK, Judge.*

FEBRUARY 16, 1918.

ACTION at law to recover damages from defendant for
the alleged seduction of plaintiff. Judgment for plaintiff,
and defendant appeals.—*Affirmed.*

*D. Voogd* and *F. J. McGreevy*, for appellant.

*W. T. Evans*, for appellee.

1. SEDUCTION: evidence: sufficiency.

WEAVER, J.—The plaintiff alleges that she was seduced by the defendant, who, by fraud, flattery, and false promises of marriage, persuaded her to submit to his embraces, and that, as a result of the intercourse thus brought about, she became pregnant, and was delivered of a child on April 14, 1914. The seduction and intercourse, she alleges, took place on July 17, 1913. The defendant denies the alleged seduction, and denies that he is the father of the plaintiff's child.

I. The point most persistently pressed by appellant's counsel is that the verdict of the jury is without sufficient support in the evidence, though, on elaborating the proposition, the real objection seems to be that the verdict is against the weight of the evidence. The abstract made by the appellant himself discloses direct and positive evidence in support of the claim made in the petition. The plaintiff, as a witness, testifies to her association with the appellant; that he frequently visited her, asked her to accompany him to church, walked with her, was frequently with her alone, professed love for her, caressed and kissed her, and said he would marry her, and would never marry anyone else. She further testifies that, on the alleged date in July, appellant visited her, and they walked together, at which time he reiterated his statement that he would marry her, and proposed intercourse; and that he quieted her fears by telling her not to be scared, that it was all right, and that she could trust him; and thereupon an act of intercourse occurred. She further swears that her pregnancy was the result of this intercourse, and that she never had carnal connection with any other man. Now it can hardly be denied that this testimony was both competent and ma-

terial, and that, if the jury believed it to be true, it is sufficient to sustain a verdict for the plaintiff. The defendant, as a witness, while denying that he met or had intercourse with plaintiff in July, 1913, as related by her, admits that he did call upon her in September of that year; that they did then walk out together; and that they did then have intercourse together; though he exculpates himself from responsibility for the act by charging it to the insistence and force exercised by the girl herself. The theory of the defense, as presented by counsel, is that, if plaintiff's child was born in April, 1914, as she admits, and was the product of normal gestation, it must have been conceived on or about the date she mentions, July 17, 1913. Assuming this to be settled, it is next insisted that appellant has clearly established the fact that he was not with the plaintiff at any time in July or August; that his only act of intercourse with her was in September, at a time when she must have been two months advanced in pregnancy; and that this act was the result of a shrewdly devised trick by the plaintiff, to entice him into intercourse and then compel him to play the role of father to her unborn child, begotten by some person whose identity has not been revealed. It is to be admitted that the defense developed some apparent inconsistencies in the story of plaintiff concerning details of her relations with the defendant, and that his version as to the date of his call at plaintiff's home, when the intercourse admitted by him took place, is supported by considerable corroboratory testimony; but it still remains no less true that the record presents a clear conflict of testimony, and the court cannot say, as a matter of law, that the jury should not have believed the plaintiff. There was no serious attempt to show, by any witness other than appellant himself, that plaintiff was a girl of wanton or disreputable character generally, and there was no evidence pointing to any particular per-

son other than appellant as the probable author of her shame. True, she did admit that, on certain occasions, she had gone to church and elsewhere with some young man other than appellant, and that at one time, a young man who accompanied her put his arm around her. On some of these occasions, she was accompanied by her sister. No other witness (always excepting appellant) attempts to impeach plaintiff's previously chaste character. In country neighborhoods, where the conduct, character, and standing of every resident are usually well known and understood by all others living in the vicinage, it is scarcely possible for a young woman to develop into a courtesan or wanton adventuress without attracting the attention of others; and in such case, where her moral character is called into question in court, it is ordinarily not difficult to find witnesses to impeach it. Failure to produce evidence of this character in a proceeding like this one, where previous chastity is an essential factor in the right to recover damages, warrants the conclusion that it is not obtainable, and that the presumption in plaintiff's favor in this respect has not been overcome, as a matter of law.

Concluding their argument upon the merits of the case, counsel for appellant very justly insist that the charities of the law should not be reserved for the benefit of the woman alone, and they emphasize the proposition by appeal to the pages of both sacred and secular history as follows:

"Virtue must hardly find it possible to survive in the world, if there be a different law for men than there is for women. But on the other hand, from the earliest times of recorded history, it appears that both sexes have tempted each other. And it is recorded in Holy Writ that his master's wife so tempted Joseph, and that he fled, leaving his coat in her hands. It must be conceded that not every green young fellow would be as strong in virtue as Joseph. The defendant's story would sound perfectly ridiculous if

we knew the plaintiff to be a very bashful and inexperienced girl. Such girls do not invite young men to commit the act of their downfall. Timidity in regard to such things is the rule with virtuous girls. For this reason, the gentler sex is known to be more often virtuous than the sterner sex. But this is not always true. There are exceptions."

The soundness of this argument as an abstract moral and legal proposition may be conceded, but the appellant's own story does not quite qualify him for entry into the Joseph class of remarkable exhibits. Joseph ran away, and escaped without any blot on his reputation—for virtue. The appellant did *not* run away, and did *not* escape; and if there be something in common experience and observation which leads humanity in general—in the jury box, as well as elsewhere,—to disbelieve the story of a stalwart man who admits an act of adultery or fornication, and excuses himself as the victim of force and insistence employed by "the woman in the case," it is a misfortune for which the law affords the appellant no remedy. In short, the case at bar was for the jury; and unless there be other ground for a new trial, the verdict must stand.

II. Twenty-one errors are assigned on behalf of the appellant, but the argument of counsel is principally addressed to those numbered 3, 4, 5, and 6; and to these we turn our attention. The first objection thus made is to the giving of Paragraph 7 of the charge to the jury. This charge is in the following words:

2. Trial: instructions: applicability to issues: seduction: previous chastity.

"The plaintiff has placed her own previous character in issue; but an unmarried female need not be of previous chaste character in order to recover damages for her own seduction; yet she cannot recover for damages to her character if previously unchaste. If she was, in fact, seduced as claimed, she may, if previously unchaste, still recover for loss of health and all other injuries, as hereinafter stated

in these instructions, except for injuries to character or reputation."

The soundness of this instruction in its abstract form is not questioned; but it is said that there is nothing in the issues joined, or in the testimony produced on the trial, to which it can properly apply, nor is there any defense urged which justifies the court in giving it. In support of this objection, counsel say that no question is raised as to the previously chaste character of the plaintiff on July 17, 1913, the time when she claims to have been seduced, but that they "base their defense on the claim that appellant was not with her on that date," and that the only time he was with her was in September, 1913,—a date, when, according to her story, she was already pregnant, and "therefore could not have been seduced" by him. The argument proceeds upon a misapprehension of the record, and of the nature of the issue being tried. Plaintiff did plead her previously chaste character at the date of her alleged seduction, and appellant did take issue thereon in his answer. His inquiry on the trial into her associations with other young men had no other purpose than to incite in the minds of the jurors a doubt of her previously chaste character; and such, too, was the necessary tendency of his contention that the plaintiff was already pregnant when he admits having intercourse with her. It was, therefore, the duty

3. SEDUCTION: evidence: non-materiality of exact time.

of the trial court to state this issue to the jury and give instruction upon the law applicable thereto; and in so doing, there was no error. At this point,—and, indeed, all through the argument in support of the appeal,—counsel rely for a reversal upon the thought that plaintiff does not make a case for the jury by evidence showing no more than her previously chaste character and her submission to intercourse with defendant because of his flattery, persuasion, professions of love, and promises of marriage; but that, to be entitled to a verdict,

she must also show that such seduction took place on the day alleged by her—July 17, 1913. But the issue being tried cannot be thus narrowly limited. The appellant is charged with an actionable wrong done to the injury of the plaintiff, and, there being no plea of the statute of limitations, the date of the alleged wrong is not, in itself, material to her right of action. The wrong which she charges is seduction, and not merely a seduction on July 17, 1913, and appellant's denial of the charge is a denial that he seduced the plaintiff at all, and not merely a denial of a seduction on the date named. Of course, the alleged date or time when the wrong, if any, was done, is a proper matter of evidence; and this, in conjunction with other circumstances, may involve the plaintiff's case in such doubt as to justify a verdict against her; but if, from all the testimony, the jury believes that the appellant did seduce her, it justifies a verdict in her favor, even though the jury may not find that the act was done on the very day or date stated by her.

III.    The next assignment of error argued is upon the giving of the tenth paragraph of the charge to the jury, which is as follows:

4. SEDUCTION: instructions: issues and theory of case.

"It is not necessary for plaintiff to prove the exact date of her seduction, if she was in fact seduced, as she claims, by defendant. It is not claimed by the plaintiff, however, that there was more than one act of sexual intercourse by her with defendant, and she claims a child was born April, 1914, therefrom. The defendant admits that he had sexual intercourse with the plaintiff, but denies it was in July, 1913, as claimed by plaintiff, but says it was in September, 1913, and not by reason of any seduction of plaintiff by him, but by her own solicitation and conduct. If you find that, at the time the plaintiff had sexual intercourse with the defendant, whenever it was, she had already had sexual intercourse with another man, and was pregnant by,

him, she cannot recover upon the claim of seduction by the defendant; but to hold him liable, she must prove, as stated, that she was seduced by defendant, and that the pregnancy and birth of the child, for which she claims, resulted from sexual intercourse with him, as a result of such seduction. The false promises, seductive arts, and other means charged by her as bringing about the seduction must all be proved to have taken place prior to the sexual intercourse with plaintiff; but in determining the question of whether there was a seduction, as claimed, you have a right to consider all prior and subsequent relations, intercourse, correspondence, with the admission of sexual intercourse by the defendant after the time claimed by plaintiff, and the whole course of conduct between the parties before and after the time claimed of the sexual intercourse as claimed by plaintiff. Also whether the sexual intercourse, if any, was later than was possible to produce the pregnancy she claims."

We have quoted the paragraph in full, because of appellant's complaint that it does not fairly present to the jury the theory of the defense. If we understand counsel, their complaint, when reduced to few words, is that the court did not sufficiently mention the discrepancy between the date of the seduction as alleged by plaintiff and the date of their intercourse as claimed by defendant, and did not sufficiently emphasize appellant's claim that, if there was but one act of intercourse, and such act was in September, 1913, then it is impossible that he was the cause of plaintiff's pregnancy. In our judgment, the instruction is not vulnerable to such objection. It does direct the jury's attention to the matter of dates; to the fact that the parties each testify that there was but one act of intercourse between them; to the effect of plaintiff's prior intercourse, if any, with some other man, and of her prior pregnancy, if any, by some other man; and to the proposition upon which counsel dwell, whether the intercourse with appellant was

later than was possible to produce her pregnancy with the child which was born in April, 1914: and the law applicable to such state of facts is correctly stated. The court could not properly say to the jury, as do counsel in argument, that a child born in April could not possibly have been conceived in the preceding September. There was no expert testimony to that effect, and, so far as the laws of nature are common knowledge, they are as well known to the jurors as to the judge who presides at the trial. These phases of the case, we may safely assume, were not overlooked by the defense in argument to the jury, and it was not within the province of the court to emphasize the theory of either party as to the probative value of any particular testimony. The assignment of error upon the tenth paragraph of the charge cannot be sustained.

5. SEDUCTION: instructions: period of gestation.

IV. The fifth and sixth assignments of error have reference to the refusal by the trial court of two requests for instructions to the jury.

6. SEDUCTION: pleading: time of commission of offense.

The first request is to the effect that, plaintiff having alleged her seduction to have taken place on July 17, 1913, and having testified to the same effect, it was essential that she prove, by a preponderance of the evidence, that appellant did employ the alleged seductive arts, and thereby obtained carnal knowledge of the plaintiff "on the 17th day of July, 1913;" and further, that, if he did not employ such seductive arts, and "did not in fact have carnal knowledge of the plaintiff on July 17, 1913, then, regardless of anything the evidence may show or tend to show as to what happened at a later period, the verdict must be for the defendant."

The second request is practically a statement of the same proposition in another form.

For reasons already stated, these instructions were properly refused.

V. Of other assignments of error, seven are based on the rulings of the trial court sustaining objections to questions put to witness on the ground that the matter called for was mere repetition of testimony which the witness had already given. An examination of the record satisfies us that there was no prejudicial error in any of these rulings. There are, doubtless, occasions in the trial of a case where the repetition of a question already asked and answered may very properly be allowed, but this is a privilege which must, of necessity, be subject to the discretion of the court; otherwise, the trial of a case may often be unreasonably prolonged by a hectoring or captious method of interrogation. We find nothing in the rulings complained of to indicate any abuse of the court's discretion in the premises.

Most of the remaining assignments of error are simply restated in the brief of counsel, but are not argued, and must, therefore, be considered as waived; and where this situation does not appear, we find nothing upon which substantial error to appellant's prejudice may be predicated.

Further discussion of the record is unnecessary. The case was fairly tried; the issues have been found against the defendant; the damages assessed are not excessive; and no sound reason appears for setting aside the verdict or for directing a new trial. The judgment of the district court is, therefore,—*Affirmed.*

Preston, C. J., Gaynor and Stevens, JJ., concur.